IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>SAMUEL MELÉNDEZ-ROSARIO [23],<br><br>**Defendant.** | **Criminal No.** 14-164 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On September 11, 2014, defendant Samuel Meléndez-Rosario ("Meléndez") pled guilty to one count of conspiracy to possess with intent to distribute controlled substances. (Docket No. 804.) At the time, he was already serving a sentence pursuant to charges filed against him by the Commonwealth of Puerto Rico. (Docket No. 2708 at p. 1.)

Meléndez now moves *pro se* for the Court to "apply . . . retroactively the double exposure according to the sentence and crimes of both jurisdiction, being the same crime in both branches judicial," citing the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, "People v. Castro García, 120 D.P.R. 740 (1988)," "Village v. Sánchez-Valle, 192 P.R. dec. 594 (2015)," and "Village v. David Nuñes Peres case." (Docket No. 2708

Criminal No. 14-164 (FAB)                                                  2

at pp. 1—2.)  For the reasons set forth below, Meléndez's motion is **DENIED**.

## I. Background

On October 13, 2013, prior to his federal prosecution, Meléndez pled guilty to two counts for violating Article 411a and Article 412 of the Puerto Rico Controlled Substances Law.  (Docket No. 2708 at p. 1; Docket No. 2719 at p. 3; Docket No. 1135 at pp. 19—20.)  Article 411a criminalizes possession with intent to distribute controlled substances within schools, recreational facilities or institutions, and Article 412 prohibits the possession and use of paraphernalia related to controlled substances.  (Docket No. 2719 at p. 3) (citing 24 L.P.R.A. §§ 2411a and 2411b.)  Meléndez was sentenced by the Superior Court in Ponce to 20 years for the first count, and four years for the second count, to be served concurrently with each other.  Id.; Docket No. 1125 at p. 19.

About five months later, on March 6, 2014, the United States indicted Meléndez, along with 62 other defendants, alleging a conspiracy to possess with intent to distribute multiple controlled substances.  (Docket No. 2719 at p. 3.)  Meléndez ultimately pled guilty to the conspiracy count and was sentenced to 72 months and 18 days of imprisonment to be served concurrently with his Puerto Rico sentence.  Id. at p. 4.  The government states

Criminal No. 14-164 (FAB) 3

that because Meléndez's initial appearance in federal court was on April 24, 2014, his federally imposed judgement was extinguished on May 12, 2021. Id.

On October 18, 2022, Meléndez signed the motion at issue, to vacate his sentence based on double jeopardy. (Docket No. 2708 at p. 2.) The government construes the motion as a section 2254 *habeas corpus* petition for relief from state custody because the federal sentence has already run, and argues that it is unjustifiably untimely and without merit. (Docket No. 2719 at p. 2, 4—5.)

## II. Legal Standard

### A. Section 2255 Petitions

Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426—27 (1962)). Claims that do not allege

constitutional or jurisdictional errors may be filed pursuant to section 2255 only if the claimed error is a "fundamental defect" which results "in a complete miscarriage of justice" if uncorrected, or irregularities that are "inconsistent with the rudimentary demands of fair procedure." Id.

### B.   Section 2254 Petitions

"Federal habeas review of a state-court conviction is governed by the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996]. . . ." Foxworth v. St. Amand, 570 F.3d 414, 424 (1st Cir. 2009); 28 U.S.C. § 2254. Petitioners invoke the AEDPA to invalidate "the judgment authorizing [their] confinement." Magwood v. Patterson, 561 U.S. 320, 332 (2010). Congress enacted this statute "to further the principles of comity, finality, and federalism." Kholi v. Wall, 582 F.3d 147, 154 (1st Cir. 2009) (quoting Williams v. Taylor, 529 U.S. 420, 436 (2000)). To be eligible for relief, a petitioner must show that he or she has either exhausted all state court remedies for each claim raised, or that they are excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(b)—(c).

### III. Discussion

As an initial matter, the procedural posture of this motion is knotty; it is either a motion to vacate a federal sentence that

Criminal No. 14-164 (FAB)                                                5

has already expired, or it is a motion challenging state court confinement that was not brought against the state. Cf. 28 U.S.C. § 2255(a); 28 U.S.C. § 2254.  The Court does not need to untangle this issue, however, as binding precedent states that Meléndez's situation does not constitute double jeopardy.

"Like the right to trial by jury, [the guarantee against double jeopardy] is clearly fundamental to the American scheme of justice." Sampson v. United States, 832 F.3d 37, 43 (1st Cir. 2016) (internal quotation marks and citations omitted).  The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Id. at 44 (quoting U.S. Const. amend. V.)  While this rule does not prevent separate sovereigns from prosecuting someone for the "same offense," in 2016 the Supreme Court ruled that Puerto Rico is not a separate sovereign from the United States for purposes of determining double jeopardy. See Puerto Rico v. Sánchez-Valle, 579 U.S. 59, 62 (2016); Núñez-Pérez v. Rolón-Suárez, et. al., No. 19-cv-01555 (D.P.R. August 1, 2022).

 Meléndez's motion references state court decisions, but the government construes this motion as invoking Sánchez-Valle, because this is the case that changed the double jeopardy law for Puerto Rico.  (Docket No. 2719 at p. 1.)  The Court agrees that Meléndez is essentially arguing that because Puerto Rico and the

United States are one sovereign for double jeopardy analysis pursuant to Sánchez-Valle, his federal prosecution for conspiracy to distribute controlled substances was the same offense as his Puerto Rico prosecution for possession with intent to distribute controlled substances and should be barred by double jeopardy. See Docket No. 2708.

This argument is not correct, however, as "[o]ffenses are not the same if they each 'require[ ] proof of [an additional] fact which the other does not.'" United States v. Lanoue, 137 F.3d 656, 661—62 (1st Cir. 1998) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). Thus, "a conspiracy to commit a crime is not the same offense as the substantive crime for double jeopardy purposes." Id. (citing United States v. Félix, 503 U.S. 378, 390—91 (1992).) "[P]rosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy Clause." Félix, 503 U.S. at 380—81.

Meléndez was prosecuted by the Commonwealth for possession with intent to distribute controlled substances within schools, recreational facilities or institutions, and possession and use of paraphernalia related to controlled substances. (Docket No. 2719 at p. 3.) He was then prosecuted by the United States for

Criminal No. 14-164 (FAB)                                                    7

conspiracy to possess with intent to distribute multiple controlled substances.  Id.  Even if the government relied on the overt acts of the first prosecution in charging conspiracy, these are not the same offenses and thus neither prosecution is barred by double jeopardy, even considering that Puerto Rico and the United States are the same sovereign for double jeopardy purposes.  See Félix, 503 U.S. at 380—81; see also U.S. v. Fornia-Castillo, 408 F.3d 52, 69 (1st Cir. 2005).

Accordingly, Meléndez's double jeopardy motion is **DENIED**.

## IV. Conclusion

For the reasons set forth above, Meléndez's motion to vacate his sentence is **DENIED**.  (Docket No. 2708.)

A certificate of appealability shall not issue because the petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 30, 2023.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    SENIOR UNITED STATES DISTRICT JUDGE